UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

SCOTT D. WOODALL

MISC. ACTION

NO. 12-25-JJB

**RULING AND ORDER**

These garnishment proceedings are before the court on motions (docs. 12 and 15) "for protection" by Peggy Woodall and Scott Woodall, respectively. The government opposes both motions.

The first question raised is whether Peggy Woodall's wages may be garnished to satisfy a criminal judgment of restitution ordered against her husband. The Woodalls argue that Mrs. Woodall's wages belong to her and that she and her son should not be financially responsible for Mr. Woodall's criminal activity. The Woodalls further argue that the garnishment is premature because Scott Woodall has an agreement with the Bureau of Prisons to pay monthly installments of $25 towards the restitution order during his incarceration.

As the government notes in its opposition (doc. 13), under the law, the wife's wages are community property[1] subject to garnishment for the husband's debt, even if the debt is considered a separate debt of the husband. La. Civil Code art. 2345. There is no

---

[1] There has been no factual contention that the parties have a separate property regime.

1

exemption under the applicable law. See, 18 USC §3613 (setting a 25% ceiling on the amount of wages subject to garnishment).[2] Any agreement Mr. Woodall has with the BOP relative to making monthly payments on his restitution has no legal bearing on garnishment of his wife's wages.

The second question raised concerns garnishment of Mrs. Woodall's retirement account. The government persuasively argues (doc. 17) that it may proceed against the retirement account under 18 USC §3613. See, *U.S. v. DeCay*, 620 F.3d 534 (5th Cir. 2010). The government explains that any garnishment order it seeks will depend partly on whether Mrs. Woodall is receiving retirement benefits, and if she is not currently doing so, whether she is eligible to retire. The government states that Mrs. Woodall present retirement eligibility is unknown. Consequently, no definitive statement need be made on this issue at this time.

Accordingly, the motions for protection (docs. 12 and 15) are hereby DENIED.

Baton Rouge, Louisiana, May 3rd, 2012.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] The government suggests that, upon termination of the community property regime, Mrs. Woodall may be able to seek reimbursement for one-half of the amount or value that the property had at the time it was seized. La. Civil Code art. 2364. The court need not make any determination in this regard.