UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MISC. ACTION NO: 12-25 |
| versus | : | COURT NO. 3:11CR00019-001 |
| SCOTT D. WOODALL | : | |
| Teachers' Retirement System Of Louisiana Garnishee | : | |

Peggy A. Woodall
Employee

## WAGE GARNISHMENT ORDER

A Writ of Continuing Garnishment, directed to the garnishee, Teachers' Retirement System Of Louisiana, has been duly issued and served upon the garnishee. Pursuant to the Writ of Continuing Garnishment, the garnishee filed an Answer on May 9, 2012, stating that at the time of the service of the Writ that it had in its possession or under its control personal property belonging to and due Peggy Woodall in the form of wages. As shown by the Answer, Peggy Woodall is paid on a bi-weekly basis, her gross pay is $2,241.60, and garnishee further stated that at the time of service of the within Writ, there were no other garnishments in effect.

The Defendant and Peggy Woodall was served on April 5, 2012 and April 4, 2012 and to date, no objection to the Answer of Garnishee has been filed by Defendant Woodall and Peggy Woodall and no hearing has been requested by them. Defendant Woodall and Peggy Woodall have not challenged the government's assertion that they are husband and wife and are living under Louisiana's community property regime laws. Nor have they challenged the government's assertion that Peggy Woodall's wages constitute a community asset owned in indivision by both her and Defendant, Woodall. Under Louisiana laws relating to the community property regime,

the separate debt of one spouse may be satisfied out of both spouses' interests in a community asset. **See** Louisiana Civil Code Article 2345. The Federal Debt Collection Procedures Act, specifically 28 U.S.C. § 3010, also provides that co-owned property of the defendant and another person may be garnished "to the extent allowed by the law of the State where the property is located." The property in this case, i.e., wages, is located in Louisiana. Therefore, Louisiana law, specifically Louisiana Civil Code Article 2345, applies, permitting the United States to garnish both Defendant's and his wife's undivided ½ interests in the latter's wages to satisfy the separate restitutionary debt of the Defendant.

Considering the foregoing,

IT IS ORDERED that pursuant to 28 U.S.C. § 3205 and 15 U.S.C. § 1673(a) garnishee deduct and pay to plaintiff the lesser of:

1. Twenty-five percent (25%) of defendant's spouse, Peggy A. Woodall's disposable earnings for each and every pay period that defendant's spouse, Peggy A. Woodall is employed by garnishee and due wages; or

2. All amounts of defendant's spouse, Peggy A. Woodall's disposable earnings in excess of thirty (30) times the federal minimum wage in effect at the time the earnings are payable [$7.25 per hour effective July 24, 2009] for each and every pay period that the defendant is employed by garnishee and due wages;

that the garnishment payments to plaintiff under the garnishment begin immediately and that garnishee continue said payments until the debt to plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to defendant's spouse, Peggy A. Woodall or until further order of this court.

Payments to the plaintiff shall be made by garnishee's check, no less frequently than monthly, payable to U.S. District Court, and remitted to Clerk, U.S. District Court, Russell B. Long Federal Building and Courthouse, 777 Florida Street, Suite 139, Baton Rouge, LA 70801-1712.

APPROVED AND SO ORDERED this 5YH day of July, 2012.

_____
HONORABLE JAMES J. BRADY
UNITED STATES DISTRICT JUDGE